(Name) Joseph Espinoza

(Address) P.O. Box 705

(City, State, Zip) Soledad, CA. 93960

(CDC Inmate No.) AL 9531



FILED

JUN 23 2017

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# United States District Court
## Southern District of California

JOSEPH ESPINOZA,
(Enter full name of plaintiff in this action.)

Plaintiff,

v.

MIGUEL CUENCA, and,
ORANGE COUNTY CA., and
CHRISTINE OH,
(Enter full name of each defendant in this action.)

Defendant(s).

'17 CV 1295 BTM BLM

Civil Case No. _____
(To be supplied by Court Clerk)

Complaint Under the
Civil Rights Act
42 U.S.C. § 1983

## A. Jurisdiction

Jurisdiction is invoked pursuant to 28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 1983. If you wish to assert jurisdiction under different or additional authority, list them below.


## B. Parties

1. <u>Plaintiff</u>: This complaint alleges that the civil rights of Plaintiff, Joseph Espinoza,
(print Plaintiff's name)
Inmate # AL 9531, who presently resides at CORRECTIONAL TRAINING FACILITY
(mailing address or place of confinement)
P.O. Box 705 Soledad, CA. 93960, were violated by the actions

of the below named individuals. The actions were directed against Plaintiff at ORANGE COUNTY

COURTHOUSE - WEST JUSTICE CENTER on (dates) April 16, 2012, and
(institution/place where violation occurred) (Count 1) (Count 2) (Count 3)

2. <u>Defendants</u>: (Attach same information on additional pages if you are naming more than 4 defendants.)

§ 1983 SD Form
(Rev. 5/98)

::ODMA\PCDOCS\WORDPERFECT\22834\1

Defendant MIGUEL CUENTA resides in ORANGE COUNTY, CA.,
(name) (County of residence)
and is employed as a "GANG EXPERT", POLICE OFFICER. This defendant is sued in
(defendant's position/title (if any))
his/her ✓individual ✓official capacity. (Check one or both.) Explain how this defendant was acting under color of law: THIS DEFENDANT IS A POLICE OFFICER WHO MADE SEVERAL FALSE STATEMENTS AS TO HIS ABILITY TO DEPICT WHY PLAINTIFF COMMITTED CRIMES TO "BENEFIT HIS GANG", WHICH WAS PERJURED TESTIMONY AT TRIAL.

Defendant ORANGE COUNTY, CA. resides in ,
(name) (County of residence)
and is employed as a . This defendant is sued in
(defendant's position/title (if any))
his/her ☐individual ✓official capacity. (Check one or both.) Explain how this defendant was acting under color of law: THE COUNTY ITSELF IS NAMED AS A DEFENDANT

Defendant CHRISTINE OH resides in ORANGE COUNTY, CA. ,
(name) (County of residence)
and is employed as a PROSECUTOR . This defendant is sued in
(defendant's position/title (if any))
his/her ✓individual ✓official capacity. (Check one or both.) Explain how this defendant was acting under color of law: THIS DEFENDANT IS A DEPUTY DISTRICT ATTORNEY EMPLOYED IN AND BY THE COUNTY OF ORANGE, CA.

Defendant resides in ,
(name) (County of residence)
and is employed as a . This defendant is sued in
(defendant's position/title (if any))
his/her ☐individual ☐official capacity. (Check one or both.) Explain how this defendant was acting under color of law:

**C. Causes of Action** (You may attach additional pages alleging other causes of action and the facts supporting them if necessary.)

Count 1: The following civil right has been violated: 6th, 13th & 14th Amendments and 4th Amendment, Malicious Prosecution (E.g., right to medical care, access to courts, due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

Supporting Facts: [Include all facts you consider important to Count 1. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 1.]

Plaintiff alleges that the criminal proceedings were initiated on the basis of false accusations and conspiratorial conduct by the named officials who sought to, and did, deprive him of his Sixth, Thirteenth, and Fourteenth Amendment rights; the defendants engaged in malicious conduct when doing so. Plaintiff was charged with Cal. P.C. § 186.22, and convicted of, by way of a plea deal of various "Gang Enhancements", however, on, and by way of a writ of habeas corpus those convictions were overturned, plaintiff is alleging that he was a victim of malicious prosecution, by the Defendant Christine Ho, and that Defendant Cuenca fabricated evidence to convict plaintiff, (e.g.) that Cuenca was a "gang expert" and that plaintiff committed these alleged crimes "for the benefit of his gang". Again plaintiff's conviction on those charges was reversed on habeas corpus, in 2016.

The Ninth Circuit Court of Appeals has held that Malicious prosecution actions are NOT limited to suits against prosecutors but may be brought, as here, against other persons who have wrongfully caused the charges to be filed. (e.g.) Cuenca and Orange County, CA.
See, Galbraith v. County of Santa Clara, 307 F.3d 1119, 1126-27 (9th Cir 2002)

Plaintiff alleges that the defendants deprived him of his 6th Amendment right to a jury trial, his 14th Amendment right to equal protection of the law, his 13th Amendment right by using a criminal prosecution to coerce him into taking a plea deal on the "gang enhancement" and his 4th Amendment right to be free from seizure by the government of his person. They brought charges against plaintiff as a "hispanic gang member" based on his race.

Count 2: The following civil right has been violated: 8TH Amendment deliberate indifference to his constitutional rights and 14TH Amendment right of Due Process of law.
(E.g., right to medical care, access to courts, due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

Supporting Facts: [Include all facts you consider important to Count 2. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 2.]

Plaintiff alleges that Orange County, CA., engages in a custom of filing criminal charges against young hispanic males under the guise of "gang" allegations and/or because they have tatoos w/out evidence to support "gang" ties, this proves that the County of Orange is deliberately indifferent to plaintiff's constitutional rights of due process.

For purposes of municipal liability under § 1983, a custom can be shown or a policy can be inferred from wide spread practices or evidence of repeated constitutional violations for which the errant municipal officers were not discharged or reprimanded. 42 U.S.C.A. §1983; Pierce v. County of Orange, 526 F.3d 1190 (9th Cir. 2008).

It is well established in our precedent that "[a] policy can be one of action or inaction". Id. (citing City of Canton v. Harris, 489 U.S. 378, 388 (1989) see also Long, 442 F.3d at 1186 ("To impose liability against a county for its failure to act, a plaintiff must show ... that a county employee violated the plaintiff's constitutional rights....")

To be sure, "official policy" often refers to formal rules or understandings -- often but not always committed to writing -- that are intended to, and do, establish fixed plans of action to be followed under similar circumstances consistently over time. See Pembaur v. City of Cincinnati, 475 U.S. 469, 480-81 (1986)

More importantly, where action is directed by those who establish governmental policy, the municipality is equally responsible whether that action is to be taken only once or to be taken repeatedly. Pembaur, 475 U.S. at 481

The primary reason for imposing §1983 liability on local government units is deterence, so that if there is any doubt about the constitutionality of their actions, officials will "err on the side of protecting citizens' rights". Orange County violated this rule of law See Owen v. City of Independence, 445 U.S. 622, 652 (1980)

Count 3: The following civil right has been violated:
cont'd: (E.g., right to medical care, access to courts,
14TH Amendment right to due process and deliberate indifference

§ 1983 SD Form (Rev. 5/98)   4   ::ODMA\PCDOCS\WORDPERFECT\22834\1

due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

Supporting Facts: [Include all facts you consider important to Count 3. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 3.]

Subjective recklessness, as used in criminal law is the appropriate test for the deliberate indifference. An inquiry into a defendant's state of mind is required, thereby bringing the 8th Amendment's subjective component.

There is evidence from which a jury could properly conclude that the County itself violated Plaintiff's rights under the Constitution.

In addition, there is also evidence from which a jury could properly conclude that the County's failures to act caused its employee [Christine Ho] to violate plaintiff's rights, and that those failures amounted to deliberate indifference under Canton whether a local government has displayed a policy of deliberate indifference to the constitutional rights of its citizens' is generally a jury question see Oviatt, 954 F.2d at 1478; Blair v. City of Pomona, 223 F.3d 1074, 1079 (9th Cir. 2000)

The Due Process Clause of the 14th Amendment protects individuals against governmental deprivations of "life, liberty or property", as those words have been interpreted and given meaning over the life of our republic, without due process of law. See Board of Regents v. Roth, 408 U.S. 564, 570-71 (1972); Mullins v. Oregon, 57 F.3d 789, 795 (9th Cir. 1995)

The touchstone of due process is protection of the individual against arbitrary action of government, whether the fault lies in denial of fundamental procedural fairness (i.e. denial of procedural due process guarantees) or in the exercise of power without any reasonable justification in the service of a legitimate governmental objective. See County of Sacramento v. Lewis, 523 U.S. 833, 845-46

For the above reasons, the County's actions posed a substantial risk of serious harm to plaintiff, and enough circumstantial evidence exists that a reasonable jury could infer that the County's policymakers knew that the risk, [imprisonment] existed and chose to ignore it.

cf. Gibson v. County of Washoe, 290 F.3d 1175 (9th Cir. 2002)

### D. Previous Lawsuits and Administrative Relief

1. Have you filed other lawsuits in state or federal courts dealing with the same or similar facts involved in this case?   Yes   (No)

If your answer is "Yes", describe each suit in the space below. [If more than one, attach additional pages providing the same information as below.]

(a) Parties to the previous lawsuit:
Plaintiffs: _____

Defendants: _____

(b) Name of the court and docket number: _____

_____

(c) Disposition: [For example, was the case dismissed, appealed, or still pending?] _____

_____

(d) Issues raised:

_____

_____

_____

_____

(e) Approximate date case was filed: _____

(f) Approximate date of disposition: _____

2. Have you previously sought and exhausted all forms of informal or formal relief from the proper administrative officials regarding the acts alleged in Part C above? [E.g., CDC Inmate/Parolee Appeal Form 602, etc.] ? ☐ Yes ☑ No.

If your answer is "Yes", briefly describe how relief was sought and the results. If your answer is "No", briefly explain why administrative relief was not sought.

THIS COMPLAINT IS NOT A CONDITIONS OF CONFINEMENT COMPLAINT. THE EVENTS PLAINTIFF SEEKS DAMAGES FOR OCCURRED BEFORE HE WAS SENTENCED TO PRISON THEREFORE PRISON OFFICIALS DO NOT HAVE JURISDICTION TO THE CLAIMS HEREIN

### E. Request for Relief

Plaintiff requests that this Court grant the following relief:

1. An injunction preventing defendant(s): FROM PROSECUTING ANY OTHER CITIZENS WHO ACT ALONE WITH CAL P.C § 186.22 AS THAT PENAL CODE WAS DETERMINED TO BE UNCONSTITUTIONAL BY THE CALIF. SUPREME COURT IN THE CASE OF PEOPLE V. RODRIGUEZ (2012) 55 CAL 4TH 1125

2. Damages in the sum of $ 140.00 per day for false imprisonment

3. Punitive damages in the sum of $ 500,000.00

4. Other:

### F. Demand for Jury Trial

Plaintiff demands a trial by ✓ Jury ☐ Court. (Choose one.)

### G. Consent to Magistrate Judge Jurisdiction

In order to insure the just, speedy and inexpensive determination of Section 1983 Prisoner cases filed in this district, the Court has adopted a case assignment involving direct assignment of these cases to magistrate judges to conduct all proceedings including jury or bench trial and the entry of final judgment on consent of all the parties under 28 U.S.C. § 636(c), thus waiving the right to proceed before a district judge. The parties are free to withhold consent without adverse substantive consequences.

The Court encourages parties to utilize this efficient and expeditious program for case resolution due to the trial judge quality of the magistrate judges and to maximize access to the court system in a district where the criminal case loads severely limits the availability of the district judges for trial of civil cases. Consent to a magistrate judge will likely result in an earlier trial date. If you request that a district judge be designated to decide dispositive motions and try your case, a magistrate judge will nevertheless hear and decide all non-dispositive motions and will hear and issue a recommendation to the district judge as to all dispositive motions.

You may consent to have a magistrate judge conduct any and all further proceedings in this case, including trial, and the entry of final judgment by indicating your consent below.

Choose only one of the following:

☐ Plaintiff consents to magistrate judge jurisdiction as set forth above.   OR   ✓ Plaintiff requests that a district judge be designated to decide dispositive matters and trial in this case.

I declare under the penalty of perjury that the foregoing is true and correct.

6-8-2017
Date

[Signature]
Signature of Plaintiff

Joseph Espinoza  AL-9861  Indigent
CTF North  LB-245 L
P.O. Box 705
Soledad, CA.
　　　　93960





Attn: Clerk of the U.S. District Court
333 West Broadway, Suite 420
San Diego, CA.  92101

*LEGAL MAIL*



✳LEGAL MAIL✳

CTF North A-Y16 2B-245L
P.O. Box 705
Soledad, C.A. 93960

Attn: Clerk of the U.S. District Court
333 West Broadway, Suite 420
San Diego, C.A. 92101

*LEGAL MAIL*

