**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| JOSEPH ESPINOZA,<br><br>               Plaintiff,<br>   v.<br>MIGUEL CUENCA, *et al*.,<br><br>              Defendants. | Case No. SA CV 17-01389 MWF (AFM)<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

      Plaintiff, a former state prisoner, was confined at the Correctional Training Facility in Soledad, California, on June 23, 2017, at the time that he filed his Complaint in this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 in the Southern District of California. On August 9, 2017, the case was transferred to the Central District, where venue is proper. Plaintiff subsequently was granted leave to proceed without prepayment of the full filing fee. The Complaint arises from plaintiff's criminal conviction that appears to have occurred at the Orange County Courthouse in 2012. (ECF No. 1 at 1.) Plaintiff names as defendants Miguel Cuenca, a "gang expert" and police officer; Christine Oh, a Deputy District Attorney with Orange County; and Orange County. The individual defendants are named in their official as well as individual capacities. (*Id*. at 2.)

Plaintiff purports to raise a Count 1 under the Fourth, Sixth, Thirteenth, and Fourteenth Amendments for "malicious prosecution." Plaintiff alleges that "defendants engaged in malicious conduct" and that "criminal proceedings were initiated on the basis of false accusations and conspiratorial conduct." Plaintiff further alleges that he was charged with, and convicted of, Cal. Penal Code § 186.22, but the "convictions were overturned" "by the way of a writ of habeas corpus" in 2016. (*Id*. at 3.) Plaintiff also alleges that he was coerced "into taking a plea deal on the 'gang enhancement,'" and that defendants "brought charges against plaintiff as a 'Hispanic gang member' based on his race." (*Id.*) In his Count 2, plaintiff alleges a claim under the Eighth and Fourteenth Amendments against Orange County arising from an alleged custom of filing criminal charges against young Hispanic males for "gang" allegations because they have tattoos, without evidence to support gang ties. (*Id.* at 4.) Plaintiff seeks compensatory and punitive damages. (*Id.* at 7.)

In accordance with the terms of the "Prison Litigation Reform Act of 1995" ("PLRA"), the Court has screened the Complaint prior to ordering service for purposes of determining whether the action is frivolous or malicious; or fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). The Court's screening of the pleading under the foregoing statute is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990); *see also Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (when determining whether a complaint should be dismissed for failure to state a claim under the PLRA, the court applies the same standard as applied in a motion to dismiss pursuant to Rule 12(b)(6)). In determining whether the pleading states a claim on which relief may be granted, its

allegations of material fact must be taken as true and construed in the light most favorable to plaintiff. *See Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). However, the "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Nor is the Court "bound to accept as true a legal conclusion couched as a factual allegation." *Wood v. Moss*, 134 S. Ct. 2056, 2065 n.5 (2014) (citing *Iqbal*, 556 U.S. at 678). Rather, a court first "discounts conclusory statements, which are not entitled to the presumption of truth, before determining whether a claim is plausible." *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1129 (9th Cir. 2013), *cert. denied*, 134 S. Ct. 1322 (2014). Then, "dismissal is appropriate where the plaintiff failed to allege enough *facts* to state a claim to relief that is plausible on its face." *Yagman v. Garcetti*, 852 F.3d 859, 863 (9th Cir. 2017) (internal quotation marks omitted, emphasis added).

Further, since plaintiff is appearing *pro se*, the Court must construe the allegations of the pleading liberally and must afford plaintiff the benefit of any doubt. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010); *see also Alvarez v. Hill*, 518 F.3d 1152, 1158 (9th Cir. 2008) (because plaintiff was proceeding *pro se*, "the district court was required to 'afford [him] the benefit of any doubt' in ascertaining what claims he 'raised in his complaint'") (alteration in original). However, the Supreme Court has held that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted, alteration in original); *see also Iqbal*, 556 U.S. at 678 (To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

3

face.' . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (internal citation omitted)).

Following careful review of the Complaint, the Court finds that its allegations appear insufficient to state any claim upon which relief may be granted. Accordingly, the Complaint is dismissed with leave to amend. *See Rosati*, 791 F.3d at 1039 ("A district court should not dismiss a *pro se* complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotation marks omitted).

**If plaintiff desires to pursue this action, he is ORDERED to file a First Amended Complaint no later than thirty (30) days after the date of this Order, remedying the deficiencies discussed below.** Further, plaintiff is admonished that, if he fails to timely file a First Amended Complaint, or fails to remedy the deficiencies of this pleading as discussed herein, the Court will recommend that this action be dismissed without leave to amend and with prejudice.[1]

**A.     Claim against Deputy District Attorney Oh in her individual capacity**

Initially, the law is well established that prosecutors are entitled to absolute immunity from damages liability when they engage in activities "intimately

---

[1]     Plaintiff is advised that this Court's determination herein that the allegations in the Complaint are insufficient to state a particular claim should not be seen as dispositive of that claim. Accordingly, although this Court believes that you have failed to plead sufficient factual matter in your pleading, accepted as true, to state a claim to relief that is plausible on its face, you are not required to omit any claim or defendant in order to pursue this action. However, if you decide to pursue a claim in a First Amended Complaint that this Court has found to be insufficient, then this Court, pursuant to the provisions of 28 U.S.C. § 636, ultimately may submit to the assigned district judge a recommendation that such claim be dismissed with prejudice for failure to state a claim, subject to your right at that time to file Objections with the district judge as provided in the Local Rules Governing Duties of Magistrate Judges.

associated with the judicial phase of the criminal process," such as the prosecution and presentation of the state's case. *See Imbler v. Pachtman*, 424 U.S. 409, 427, 430 (1976); *see also Buckwalter v. Nevada Bd. of Med. Examiners*, 678 F.3d 737, 740 (9th Cir. 2012) (as amended) ("The paradigmatic functions giving rise to absolute immunity are those of judges and prosecutors."). This immunity applies even if it "does leave the genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty." *See Imbler*, 424 U.S. at 427. However, it is the nature of the function performed, not the role or identity of the actor that determines the scope of absolute immunity. *See Engebretson v. Mahoney*, 724 F.3d 1034, 1039 (9th Cir. 2013) ("the Supreme Court has emphasized this functional approach for determining when public officials may claim absolute immunity under § 1983"). Functions that are prosecutorial in nature are entitled to absolute immunity "when they are intimately associated with the judicial phase of the criminal process." *Slater v. Clarke*, 700 F.3d 1200, 1203 (9th Cir. 2012) (internal quotation marks omitted) (citing *Van de Kamp v. Goldstein*, 555 U.S. 335, 342-43 (2009)).

Here, plaintiff does not set forth any factual allegations that Deputy District Attorney Oh took any action that falls outside the functions performed in her role as a prosecutor. It is clear that Deputy District Attorney Oh is entitled to absolute immunity for her decision to initiate a criminal prosecution against plaintiff. *See, e.g., Stapley v. Pestalozzi*, 733 F.3d 804, 809 (9th Cir. 2013) ("prosecutors have absolute immunity under § 1983 for a decision to initiate a criminal prosecution"). Further, to the extent plaintiff is alleging that Deputy District Attorney Oh knew that Officer Cuenca would testify falsely at trial, a deputy district attorney is entitled to absolute immunity from allegations that she knowingly presented perjured testimony. *See generally Imbler*, 424 U.S. 409.

To the extent that plaintiff is purports to raise a claim against Deputy District Attorney Oh based on allegations that she brought charges against him pursuant to

Cal. Pen. Code § 186.22 "on the basis of false accusations" (ECF No. 1 at 3), plaintiff fails to set forth any factual allegations that defendant Oh took any action, participated in the action of another, or failed to take any action that she was required to do that deprived plaintiff of any right guaranteed under the Constitution or a federal statute. "A person deprives another 'of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains].'" *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (emphasis and alteration in original)). As the Supreme Court has made clear, plaintiff must plead "more than labels and conclusions" to show that Deputy District Attorney Oh took any action that was outside her role as a prosecutor (for which she is entitled to absolute immunity). *Twombly*, 550 U.S. at 555; *Garmon v. County of Los Angeles*, 828 F.3d 837 (2016) (a prosecutor is entitled to absolute immunity for "initiating a prosecution," "presenting the State's case," and her "professional evaluation of the evidence assembled by the police").

Plaintiff may be able to state a claim against Deputy District Attorney Oh if he sets forth factual allegations raising a reasonable inference that the defendant deliberately fabricated evidence. To prevail on such a claim, plaintiff must show that: (1) the defendant official deliberately fabricated specific evidence, and (2) the deliberate fabrication caused plaintiff's deprivation of liberty. *Spencer v. Peters*, 857 F.3d 789, 798 (9th Cir. 2017) (citing *Costanich v. Dep't of Soc. & Health Servs.*, 627 F.3d 1101, 1111 (9th Cir. 2010)). Here, plaintiff does not point to any specific evidence that he alleges that defendant Oh deliberately fabricated, nor does he allege that any such fabricated evidence *caused* his deprivation of liberty. Plaintiff appears to allege that he was "coerced" into accepting a plea deal on a "gang enhancement," but it appears that plaintiff was convicted on the underlying unspecified crimes that he was alleged to have committed "for the benefit of his

gang." (ECF No. 1 at 3.) Accordingly, it appears that plaintiff would have been incarcerated even in the absence of the allegedly false evidence concerning the "gang enhancement." Plaintiff cannot state a federal claim for malicious prosecution unless he can show that the injury would not have occurred in the absence of the fabricated evidence. *See Spencer*, 857 F.3d at 798, 801.

In addition, although plaintiff alleges that "plaintiff's conviction on those charges was reversed on habeas corpus in 2016," it is not clear which charges were reversed or on what basis. Finally, to the extent that plaintiff is alleging that his convictions were reversed in 2016, it is unclear why he was incarcerated at the time that he initiated this action in June 2017.

A Complaint that pleads factual allegations "merely consistent with a defendant's liability . . . stops short of the line between possibility and plausibility," and fails to state a plausible claim. *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). Accordingly, plaintiff's factual allegations in the Complaint are insufficient to "nudge" a claim against Deputy District Attorney Oh "across the line from conceivable to plausible." *Twombly,* 550 U.S. at 570.

**B.     Claim against Officer Cuenca in his individual capacity**

Plaintiff's Complaint alleges that defendant "Cuenca fabricated evidence to convict plaintiff, (*e.g*.) that Cuenca was a 'gang expert' and that plaintiff committed those alleged crimes 'for the benefit of his gang.'" (ECF No.1 at 3.) Plaintiff also alleges that Officer Cuenca "made several false statements" and presented "perjured testimony at trial." (*Id.* at 2.) In his Count 2, plaintiff also mentions the "custom of filing criminal charges against young Hispanic males . . . because they have tattoos" (*id.* at 4), but he does not set forth any factual allegations that link this allegation to defendant Cuenca.

To the extent that plaintiff's claim against Officer Cuenca arises solely on the basis of allegedly false testimony that the officer presented in connection with

7

criminal proceedings against plaintiff, "[w]itnesses, including police witnesses, are immune from liability for their testimony in [judicial proceedings] even if they committed perjury." *Paine v. City of Lompoc*, 265 F.3d 975, 981 (9th Cir. 2001) (citing *Briscoe v. LaHue*, 460 U.S. 325, 345-46 (1983)). Further, to the extent that plaintiff is alleging that Officer Cuenca conspired with someone to present false testimony in a judicial proceeding against plaintiff, a testifying witness is also entitled to absolute immunity from a claim that he conspired to provide false testimony. *See Rehberg v. Paulk*, 566 U.S. 356, 369-70 (2012) (witnesses are entitled to absolute immunity for their testimony in judicial proceedings and their "preparatory activity," even if such testimony is false); *Lisker v. City of Los Angeles*, 780 F.3d 1237, 1242 (9th Cir. 2015) (immunity for testimony "extends to conspiracies to testify falsely").

Plaintiff may be able to state a claim against Officer Cuenca if he sets forth factual allegations that Officer Cuenca deliberately fabricated "non-testimonial" evidence to support criminal charges against plaintiff. *See, e.g., Lisker*, 780 F.3d at 1242 (denying absolute immunity for notes and report that were not "inextricably tied" to testimony). As set forth above, plaintiff must also show that the "deliberate fabrication caused the plaintiff's deprivation of liberty." *Spencer*, 857 F.3d at 798.

The Court finds that, even accepting the factual allegations as true and giving plaintiff the benefit of the doubt, the factual allegations in the Complaint are insufficient to "nudge" any claim against Officer Cuenca "across the line from conceivable to plausible." *Twombly,* 550 U.S. at 570.

### C. Orange County and the official capacity claims

Plaintiff names both individual defendants in their official capacity, and he names Orange County as a defendant. (ECF No. 1 at 2.) However, the Supreme Court has held that an "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166

(1985). Such a suit "is not a suit against the official personally, for the real party in interest is the entity." *Graham*, 473 U.S. at 166. Here, it is not clear what entity employs Officer Cuenca, nor what allegations may give rise to any claims against this defendant in his official capacity.

Further, as set forth above, plaintiff's claims against Deputy District Attorney Oh all appear to pertain to her actions in prosecuting criminal charges against plaintiff. In California, a deputy district attorney acts on behalf of the state when preparing for, and conducting, criminal prosecutions. *See People v. Garcia*, 39 Cal.4th 1070, 1081 (2006) (the district attorney's office represents the State of California in criminal prosecutions); *Goldstein v. City of Long Beach*, 715 F.3d 750, 759 (9th Cir. 2013) (noting that "the district attorney acts on behalf of the state when conducting prosecutions"). In addition, the Eleventh Amendment bars a plaintiff's federal civil rights claims for monetary damages against a state official in her official capacity. The Eleventh Amendment bars federal jurisdiction over suits by individuals against a State and its instrumentalities, unless either the State consents to waive its sovereign immunity or Congress abrogates it. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984). The Eleventh Amendment "bars actions against state officers sued in their official capacities for past alleged misconduct involving a complainant's federally protected rights, where the nature of the relief sought is retroactive, *i.e.*, money damages." *Bair v. Krug*, 853 F.2d 672, 675 (9th Cir. 1988). To overcome this Eleventh Amendment bar, the State's consent or Congress' intent must be "unequivocally expressed." *Pennhurst*, 465 U.S. at 99. While California has consented to be sued in its own courts pursuant to the California Tort Claims Act, such consent does not constitute consent to suit in federal court. *See BV Engineering v. Univ. of Calif.*, 858 F.2d 1394, 1396 (9th Cir. 1988). Finally, Congress has not repealed state sovereign immunity against suits brought under 42 U.S.C. § 1983. Accordingly, plaintiff may not seek monetary damages against Deputy District Attorney Oh in her official

capacity arising from her actions in prosecuting plaintiff.

Further, plaintiff appears to be raising a claim against Orange County arising from a "custom of filing criminal charges against young Hispanic males under the guise of 'gang' allegations." (ECF No. 1 at 4.) Initially, to the extent that plaintiff is purporting to raise this claim against Orange County as the employer of Deputy District Attorney Oh, as set for above, a deputy district attorney acts on behalf of the State of California, and not the County, in initiated and prosecuting criminal cases. Accordingly, as alleged, no federal claim under § 1983 can be stated against Orange County based on the actions of its district attorney's office because a district attorney represents the state, and not the County, when preparing to prosecute and while prosecuting crimes.

However, to the extent that plaintiff is purporting to challenge internal administrative policies and procedures of the District Attorney's Office that do "not involve prosecutorial strategy," it is possible that he may be able to state a claim against the County. *See Goldstein*, 715 F.3d at 762. Here, plaintiff's Complaint sets forth factual allegations pertaining to one incident in which plaintiff was charged with "gang enhancements" with fabricated evidence. Plaintiff makes an unsupported allegation that the County has a "custom" of filing charges against any particular defendants, which the Court is not bound to accept as true. *See, e.g., Wood*, 134 S. Ct. at 2065 n.5 (the Court is not "bound to accept as true a legal conclusion couched as a factual allegation"); *Salameh*, 726 F.3d at 1129. In order to give rise to a claim against Orange County for any alleged administrative policy or custom, plaintiff must show that his alleged constitutional deprivation was *caused* by that custom or policy. *See, e.g., City of Canton v. Harris*, 489 U.S. 378, 385 (1989) (under § 1983, a municipality is liable if there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation); *Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658, 694 (1978) (it is when "execution of a government's policy or custom, whether made by its

lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983"); *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1146 (9th Cir. 2012) ("Under *Monell*, a plaintiff must also show that the policy at issue was the 'actionable cause' of the constitutional violation, which requires showing both but for and proximate causation."). Finally, liability against Orange County may not be premised on an isolated incident such as that alleged in the Complaint. *See, e.g., Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996) ("Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy."); *Thompson v. City of Los Angeles*, 885 F.2d 1439, 1443-44 (9th Cir. 1989) ("Consistent with the commonly understood meaning of custom, proof of random acts or isolated events are insufficient to establish custom."), *overruled on other grounds, Bull v. City & County of San Francisco*, 595 F.3d 964, 981 (9th Cir. 2010) (en banc).

************

If plaintiff still desires to pursue this action**, he is ORDERED to file a First Amended Complaint no later than thirty (30) days after the date of this Order**, remedying the pleading deficiencies discussed above. The First Amended Complaint should bear the docket number assigned in this case; be labeled "First Amended Complaint"; and be complete in and of itself without reference to the original Complaint, or any other pleading, attachment, or document.

The clerk is directed to send plaintiff a blank Central District civil rights complaint form, which plaintiff is encouraged to utilize. Plaintiff is admonished that he must sign and date the civil rights complaint form, and he must use the space provided in the form to set forth all of the claims that he wishes to assert in a First Amended Complaint.

In addition, if plaintiff no longer wishes to pursue this action, he may request a voluntary dismissal of the action pursuant to Federal Rule of Civil Procedure 41(a). The clerk also is directed to attach a Notice of Dismissal form for plaintiff's convenience.

Plaintiff is further admonished that, if he fails to timely file a First Amended Complaint, or fails to remedy the deficiencies of this pleading as discussed herein, the Court will recommend that the action be dismissed with prejudice on the grounds set forth above and for failure to diligently prosecute.

**IT IS SO ORDERED**.

DATED: October 26, 2017

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE